UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| WBI Energy Transmission, Inc., | ) | Civil No:   1:18-cv-00078-DLH-CSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| An Easement and Right-of-Way Across | ) | |
| | ) | |
| 189.9 rods, more or less, located in <u>Township 149 North, Range 98 W</u> Section 11:  W1/2SE1/4 Section 14:  NW1/4NE1/4 | ) | |
| | ) | |
| 227.8 rods, more or less, located in <u>Township 149 North, Range 98 W</u> Section 11:  N1/2SW1/4,W1/2SE1/4 | ) | |
| | ) | |
| 242.0 rods, more or less, located in <u>Township 149 North, Range 98 W</u> Section 2:  SW1/4SE1/4 Section 11:  NE1/4 | ) | |
| | ) | |
| 335.3 rods, more or less, located in <u>Township 150 North, Range 98 W</u> Section 35:  W1/2E1/2 | ) | |
| | ) | |
| 223.8 rods, more or less, located in <u>Township 149 North, Range 98 W</u> Section 28:  S1/2N1/2 | ) | |
| | ) | |
| 83.6 rods, more or less, located in <u>Township 149 North, Range 98 W</u> Section 14:  NW1/4 | ) | |
| | ) | |
| McKenzie County, North Dakota, | ) | |
| | ) | |
| David L. Hoffmann; Denae M. Hoffmann; Leonard W. Hoffmann and Margaret A. Hoffmann, Trustees of the Hoffmann Living Trust dated March 8, 2002; Rocky & Jonilla Farms, LLP; | ) | |

1

| | |
|---|---|
| Randall D. Stevenson; and all other unknown owners of the above lands, | ) ) ) |
| Defendants. | ) ) |

## AFFIDAVIT OF JEFFREY J. RUST

Jeffrey J. Rust declares at follows:

1. I am more than eighteen years of age, competent to testify as a witness, and make this declaration based on my personal knowledge of the facts set forth within, and in support of WBI Energy Transmission, Inc.'s ("WBI Energy") motion.

2. I am employed by WBI Energy as the Vice President - Operations. I have been actively involved in, and I am personally familiar with WBI Energy's regulatory filings with the Federal Energy Regulatory Commission ("FERC") and acquisition of the easements and rights-of-way for the Line 27 Project.

3. WBI Energy is a full-service interstate natural gas transmission, gathering, and storage company within the meaning of the Natural Gas Act, 15 U.S.C. § 717a(6), operating under the jurisdiction of FERC.

4. WBI Energy is a corporation organized and in good standing under the laws of the State of Delaware, with its principal place of business in Bismarck, North Dakota. WBI Energy is authorized to conduct, and is conducting, business in the state of North Dakota.

5. WBI Energy, or its parent company, Montana-Dakota Utilities Company, has been in the pipeline business for more than seventy-five years. Currently, WBI Energy operates approximately 3,660 miles of transmission pipeline and 26 compressor stations.

6. On February 13, 1985, FERC issued to WBI Energy a Certificate of Public Convenience and Necessity authorizing it to acquire and operate the interstate pipeline facilities

previously owned and operated by Montana-Dakota Utilities Co. ("MDU"), as well as to provide the certificated service previously provided by MDU, including a blanket certificate authorizing routine activities issued in FERC Docket No. CP82-487-000 ("Certificate").

7. The Certificate authorized MDU to perform the activities specified in Subpart F of Part 157 of the Commission's Regulations, as amended from time to time, including the construction, acquisition, and operation of facilities for the transportation and storage of natural gas.

8. Pursuant to its Certificate, on November 30, 2017, WBI Energy filed a prior notice request for authorization, in accordance with 18 C.F.R. Sections 157.205 and 157.210, to construct and operate a natural gas pipeline, known as the Line Section 27 Cherry Creek to Spring Creek Expansion Project ("Line Section 27" or the "Project"). Attached to Condemnation Complaint as Exhibit 8, is a true and correct copy of WBI Energy's Prior Notice Request filed in FERC Doc. No. CP18-21-000.

9. Line Section 27 will span approximately 12 miles, and commence at the existing Spring Creek Meter Station and terminate at the Cherry Creek Valve Setting. Attached to the Condemnation Complaint as Exhibit 7 is a true and correct copy of a map depicting the Project's route.

10. On December 11, 2017, FERC issued a notice of authorization under blanket certificate for WBI Energy's request. Attached to the Condemnation Complaint as Exhibit 9 is a true and correct copy of 82 Fed. Reg. 60007 (Dec. 18, 2017), the Federal Register Publication of FERC's December 11, 2017 notice filed in FERC Doc. No. CP18-21-000.

11. Pursuant to 18 C.F.R. 157.205(h), WBI Energy was deemed authorized to perform the actions proposed in its notice if no protest was filed with FERC within 60 days after the date

of FERC's issuance of notice of WBI Energy's request. WBI Energy is authorized to construct and operate the Project because no protest was filed with FERC.

12. WBI Energy has entered into binding precedent agreements with Oasis Petroleum Marketing LLC and ONEOK Rockies Midstream, L.L.C. for transportation capacity for delivery of natural gas from existing or new receipt locations on Line 27 to an interconnect with the Northern Border Pipeline Company.

13. The Project is in the public interest because it will help reduce the amount of associated natural gas currently being flared in the Bakken region of North Dakota and bring additional natural gas supply to market.

14. New processing and pipeline infrastructure are of critical importance for the increasing levels of associated natural gas production in North Dakota. Line Section 27 is designed to provide a timely and seamless increment of new pipeline transportation capacity to accommodate receipts of processed gas from expanded processing facilities as they come on-line.

15. To construct, operate and maintain the Project, WBI Energy will require a strip of land fifty feet in width, with land outside the easement for construction purposes, together with temporary workspace, and any necessary rights of ingress and egress as more particularly identified in Exhibits 1 through 6 to the Condemnation Complaint, including the rights and obligations set forth in Exhibit 10 to the Condemnation Complaint. WBI Energy additionally requires a temporary access road as depicted in Exhibit 2 to the Condemnation Complaint. Attached to the Condemnation Complaint as Exhibits 1 through 6 are true and correct copies of the easements and rights-of-way WBI Energy seeks to acquire by condemnation. Also attached to the Condemnation Complaint as Exhibit 10 is a true and correct copy of WBI Energy's pipeline easement terms.

16.     WBI Energy has acquired much of the easements and rights-of-way necessary for construction and operation of the Project. WBI Energy made several good faith attempts to acquire by contract the easements and rights-of-way, and attempted to reach an agreement with the Defendants for compensation to be paid. In spite of WBI Energy's diligent and good faith efforts, however, WBI Energy was unable to purchase the easements and rights-of-way across lands owned by the Defendants located in McKenzie County, North Dakota; therefore, WBI Energy filed this action to exercise the right of eminent domain pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h). The easements and rights-of-way to be acquired in this action are within the route approved for Line Section 27 in the Certificate.

17.     WBI Energy must begin construction of the pipeline as soon as possible in order to meet its September 1, 2018 service deadline. Based on this expected in-service date, WBI Energy and its contractors have made significant investments in preparation for construction of the Project, including commitments for the supply and purchase of various materials that require long lead-times. WBI Energy intends to begin construction of Line Section 27 on June 4, 2018, and anticipates that construction will reach the Defendants' tracts of land as early as June 5, 2018. Failure to obtain immediate possession and access will result in irreparable injury to WBI Energy.

18.     Pipeline construction is a continuous, mass production procedure, similar to a moving assembly line. Efficient and economical construction can be maintained only if assembly is uninterrupted. Two potential causes for disruption include inclement weather and the absence of a necessary right-of-way. Either disruption can add significant expense to the project and result in the loss of substantial revenue. Although WBI Energy cannot control the weather, it can eliminate disruption caused by not having the necessary easements and rights-of-way.

19. WBI Energy will lose substantial revenue, that is not otherwise recoverable, equal to a minimum of $9,100.00 for each day the pipeline is delayed beyond its in-service date. If the contractor has to move the construction spread to bypass the Defendants' property, then WBI Energy will incur additional costs and expenses of up to approximately $192,000.00 for each bypass because the bypass will require two moves – moving the crews to bypass the tract and then later moving the crews back to complete the pipeline across that tract.

20. Construction of the Project will occur in phases. Delays in completion of the project could negatively impact post-construction reclamation and restoration efforts, and result in increased costs and delays in construction. Delays in construction could shift construction deep into the winter months, which would further increase costs, and impose construction and reclamation constraints due to winter conditions. WBI Energy will promptly remediate the land disturbed by construction and installation of the pipeline. Immediate use and possession of the easements and rights-of-way will ensure timely construction, and help negate potential adverse impacts on landowners.

21. Immediate use and possession of the easements and rights-of-way will protect the public interest by making beneficial use of the gas. If construction is delayed, then large volumes of gas will not reach end users.

22. Timely completion of the Project will relieve existing constraints, and will further provide end users with a significant source of natural gas.

Dated this 13 day of April, 2018.

                                                         Jeffrey J. Rust  
                                                         Vice President – Operations  
                                                         WBI Energy Transmission, Inc.

STATE OF NORTH DAKOTA    )  
                                       ) SS:  
COUNTY OF BURLEIGH        )

Signed and sworn to before me this 13 day of April, 2018 by Jeffrey J. Rust.

                                                         Notary Public

SHARON L SABO  
Notary Public  
State of North Dakota  
My Commission Expires February 24, 2022