# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| WBI Energy Transmission, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION IN LIMINE TO EXCLUDE** |
| vs. | ) | **APPRAISAL AND OPINIONS OF** |
| | ) | **CHRISTOPHER STOCKNESS** |
| Easement and Right-of-Way Across, | ) | |
| | ) | |
| 189.9 rods, more or less, located in | ) | Case No. 1:18-cv-078 |
| Township 149 North, Range 98 W | ) | |
| Section 11: W1/2SE1/4 | ) | |
| Section 14: NW1/4NE1/4 | ) | |
| | ) | |
| 227.8 rods, more or less, located in | ) | |
| Township 140 North, Range 98 W | ) | |
| Section 11: N1/2SW1/4, W1/2SE1/4 | ) | |
| | ) | |
| 242.0 rods, more or less, located in | ) | |
| Township 149 North, Range 98 W | ) | |
| Section 2: SW1/4SE1/4 | ) | |
| Section11: NE1/4 | ) | |
| | ) | |
| 335.3 rods, more or less, located in | ) | |
| Township 150 North Range 98 W | ) | |
| Section 35: W1/2E1/2, | ) | |
| | ) | |
| 223.8 rods, more or less, located in | ) | |
| Township 149 North Range 98 W | ) | |
| Section 28: S1/2N1/2, | ) | |
| | ) | |
| 83.9 rods, more or less, located in | ) | |
| Township 149 North Range 98 W | ) | |
| Section 14: NW1/4, | ) | |
| | ) | |
| McKenzie County, North Dakota, | ) | |
| | ) | |
| David L. Hoffman; Denae M. Hoffmann; | ) | |
| Leonard W. Hoffmann and Margaret A. | ) | |
| Hoffmann, Trustees of the Hoffmann | ) | |
| Living Trust dated March 8, 2002; Rocky | ) | |
| & Jonilla Farms, LLP; Randall D. | ) | |
| Stevenson; and all other unknown owners | ) | |
| of the above lands, | ) | |

1

|  | ) |
|---|---|
| Defendants. | ) |

Before the Court is the Plaintiff WBI Energy Transmission, Inc.'s "Motion in Limine to Exclude Appraisal and Opinions of Christopher Stockness" filed on February 18, 2021. See Doc. No. 67. The Defendants filed a response in opposition on March 8, 2021. See Doc. No. 86. WBI Energy filed a reply brief on March 19, 2021. See Doc. No. 95. For the reasons explained below, WBI Energy's motion is denied.

The Court has previously discussed the background of this matter at length and feels there is no need to do so again here. See Doc. Nos. 19, 99, and 101. At issue in the motion before the Court is whether the Court should exclude the Defendant's appraiser, Christopher Stockness, from testifying at trial pursuant to Federal Rule of Civil Procedure 702 and *Daubert*. WBI Energy posits three reasons to excluded Stockness's testimony at trial: (1) Stockness's appraisal methodology contradicts settled law on how to value an easement taking; (2) Stockness's reliance on per-rod rates paid for other easements contradicts accepted industry standards for valuing easement takings and is not reliable methodology under the *Daubert* standard; and (3) Stockness's application of his methodology is also unreliable, without independent research or verification of the circumstances surrounding the transactions he used.

WBI Energy's motion is premised on the contention that evidence of other pipeline easement sales is not relevant to determine the compensation owed to the Defendants. The Court fully addressed that issue in its April 1, 2021 Order, concluding evidence of other easements transactions are not *per se* excluded and may be relevant. See Doc. No. 99. The remaining issues WBI Energy presents regarding Stockness's appraisal and testimony go to the weight, not the admissibility of Stockness's testimony. See Arkwright Mut. Ins. Co., 125 F.3d at 1183. Questions

of an expert's credibility and the weight accorded to his testimony are ultimately for the trier of fact to determine. Expert testimony should be excluded only if the opinion is "so fundamentally unsupported that it can offer no assistance" to the fact finder. Id. Further, doubts regarding the usefulness of the testimony should be resolved in favor of admissibility. Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998). As to admissible opinions at trial, the appropriate means of attacking an expert's opinions is through vigorous cross-examination and the presentation of contrary evidence, rather than a wholesale exclus ion of such testimony at trial. See Olson v. Ford Motor Co., 411 F.Supp.2d. 1137, 1145 (D.N.D. 2006); see also Daubert, 509 U.S. at 596. Moreover, as the Court has previously stated, as this is a court trial, the Court finds the better practice is to admit the testimony and allow the Court to weed out any evidence that lacks relevance in reaching its decision. The Court **DENIES** WBI Energy's "Motion in Limine to Exclude Appraisal and Opinions of Christopher Stockness" (Doc. No. 67).

**IT IS SO ORDERED.**

Dated this 12th day of April, 2021.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court