UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WBI Energy Transmission, Inc., | ) Civil No: 1:18-cv-00078-DLH-CRH |
| Plaintiff, | ) |
| vs. | ) |
| An Easement and Right-of-Way Across 189.9 rods, more or less, et al., | ) |
| Defendants. | ) |

**TRIAL MEMORANDUM OF WBI ENERGY TRANSMISSION, INC.**

WBI Energy Transmission, Inc. ("WBI Energy") respectfully submits this Trial Memorandum in anticipation of the bench trial set to begin April 26, 2021.

**A.   Statement of the Case**

WBI Energy's pipeline project and the pipeline easements being acquired in this case are described in detail in WBI Energy's pleadings and its Motion for Partial Summary Judgment and Immediate Use and Possession, which the Court granted by stipulation at the outset of this case. *See* Doc. Nos. 1–5. To summarize, WBI Energy is a full-service interstate natural gas transmission, gathering, and storage company within the meaning of the Natural Gas Act, 15 U.S.C. § 717a(6), operating under the jurisdiction of the Federal Energy Regulatory Commission ("FERC"). This case relates to WBI Energy's Line Section 27 pipeline project ("Line Section 27") consisting of an approximately 12-mile, 24-inch diameter natural gas pipeline and associated facilities in McKenzie County, North Dakota. To construct and maintain Line Section 27, WBI Energy required a strip of land fifty feet in width, together with temporary workspace, as depicted

on Condemnation Complaint Exhibits 1 and 3 to 6 ("Subject Easements"). *See* Doc. Nos. 1-2, 1-4 to 1-7.

The Court has already ruled that WBI Energy has a right under the Natural Gas Act to take the Subject Easements and has granted WBI Energy possession of the easements on the terms requested in the Condemnation Complaint. *See* Order Adopting Stipulation, Doc. No. 19. As stated by the Court, "[t]he only issue remaining to be decided in this action shall be the amount of compensation owed to the Defendants for the Subject Easements." *Id.* WBI Energy has dismissed its claim to condemn the access road easement included in its initial pleading. *Id.*

**B.     Legal Issues**

"The only issue remaining to be decided in this action shall be the amount of compensation owed to the Defendants for the Subject Easements." Order Adopting Stipulation, Doc. No. 19. As such, the sole legal issue for trial is the just compensation under the Fifth Amendment owed by WBI Energy for pipeline easements being acquired under the Natural Gas Act's eminent domain provisions, 15 U.S.C. § 717f(h).

**C.     Evidence to be offered**

WBI Energy intends to offer evidence regarding the nature of its project, the pipeline easements it is acquiring, and the loss in value to Defendants' properties resulting from the Subject Easements. The WBI Energy employees listed as witnesses will testify regarding the nature of its project and the pipeline easements on Defendants' properties. WBI Energy's chief witness will be its expert appraiser, Rose Hoefs. Ms. Hoefs will testify that the Defendants' properties suffered the following losses in market value relative to the size of the easement:

| Landowner | Permanent Easement (acres) | Temporary Construction Easement (acres) | Extra Workspace (acres) | Total Rods | Total Footage | Hoefs's Total Compensation Value |
|---|---|---|---|---|---|---|
| Rocky & Jonilla Farms, LLP Section 28 | 4.24 | 4.53 | 0.25 | 223.80 | 3,692.30 | $12,953.00 |
| Randall Stevenson* Section 14 *Compensation reduced to 1/3 of appraisal to account for 1/3 ownership | 1.58 | 1.54 | 0.12 | 83.60 | 1,379.10 | $971.00 |
| Denae Hoffmann Sections 11 & 14 | 3.6 | 2.51 | 1.67 | 189.90 | 3,133.20 | $7,065.00 |
| Hoffmann Living Trust Sections 2 & 11 | 4.58 | 4.56 | 0.51 | 242.00 | 3,993.00 | $3,226.00 |
| Hoffmann Living Trust Section 35 | 6.35 | 6.2 | 1.30 | 335.30 | 5,533.20 | $6,908.00 |
| **Total** | **20.35** | **19.34** | **3.85** | **1,074.60** | **17,730.80** | **$31,123.00** |

WBI Energy additionally reserves its right to put on rebuttal evidence in response to any evidence that Defendants are allowed to use at trial, including but not limited to testimony from appraiser Joe Ibach reviewing the opinions proffered by Defendants' appraiser.

**D.    Evidentiary and Procedural Issues**

WBI Energy's previously-filed motions in limine detail why Defendants' evidence of easement transactions are not probative of market value.  Even if the Court allows easement transactions into evidence, such transactions and Defendants' appraisal should not be afforded any weight.

WBI Energy also objects to any effort by Defendants to introduce evidence regarding WBI Energy's profits or the value of the Line Section 27 project to WBI Energy.  It is "the owner's loss, not the taker's gain, which is the measure of compensation" in eminent domain.  *United States ex rel. T.V.A. v. Powelson*, 319 U.S. 266, 281 (1943).

3

Dated this 12th day of April, 2021.

      */s/ Paul J. Forster*
Paul J. Forster (#07398)
Casey A. Furey (#08035)
Attorneys for Plaintiff,
WBI Energy Transmission, Inc.
CROWLEY FLECK PLLP
100 West Broadway Ave., Suite 250
P.O. Box 2798
Bismarck, North Dakota 58502-2798
Phone: (701) 223-6585
Fax: (701) 222-4853
pforster@crowleyfleck.com
cfurey@crowleyfleck.com