UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| WBI Energy Transmission, Inc., | ) | Civil No:  1:18-cv-00078 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| An Easement and Right-of-Way Across | ) ) ) | **ORDER ADOPTING STIPULATION AND ORDER FOR ENTRY OF JUDGMENT** |
| 189.9 rods, more or less, located in <u>Township 149 North, Range 98 W</u> Section 11:  W1/2SE1/4 Section 14:  NW1/4NE1/4 | ) ) ) ) ) | |
| 227.8 rods, more or less, located in <u>Township 149 North, Range 98 W</u> Section 11:  N1/2SW1/4, W1/2SE1/4 | ) ) ) ) | |
| 242.0 rods, more or less, located in <u>Township 149 North, Range 98 W</u> Section 2:  SW1/4SE1/4 Section 11:  NE1/4 | ) ) ) ) ) | |
| 335.3 rods, more or less, located in <u>Township 150 North, Range 98 W</u> Section 35:  W1/2E1/2 | ) ) ) ) | |
| 223.8 rods, more or less, located in <u>Township 149 North, Range 98 W</u> Section 28:  S1/2N1/2 | ) ) ) ) | |
| 83.6 rods, more or less, located in <u>Township 149 North, Range 98 W</u> Section 14:  NW1/4 | ) ) ) ) | |
| McKenzie County, North Dakota, | ) ) | |
| David L. Hoffmann; Denae M. Hoffmann; Leonard W. Hoffmann and Margaret A. Hoffmann, Trustees of the Hoffmann Living Trust dated March 8, 2002; Rocky & Jonilla Farms, LLP; Randall D. Stevenson; and all other unknown owners of the above lands, | ) ) ) ) ) ) ) ) | |

```
                                    )
           Defendants.             )
```

Before the Court is a "Stipulation for Entry of Judgment" filed on June 22, 2021.  <u>See</u> Doc.

No. 113.  The Court **ADOPTS** the stipulation in its entirety and, in accordance with the stipulation,

**ORDERS** judgment be entered as follows:

1. Plaintiff WBI Energy Transmission, Inc. ("WBI Energy"), 1250 West Century Avenue,
   Bismarck, North Dakota 58503, brought this action under the Natural Gas Act, 15
   U.S.C. § 717f(h), to condemn certain pipeline easements.  Judgment entered shall vest
   WBI Energy with pipeline easements across the Defendants' lands described below,
   effective as of the Court's Order dated May 7, 2018 adopting the parties' stipulation
   for immediate use and possession (Doc. No. 19).  This Judgment vests the easements
   on the "Pipeline Easement Terms" set forth below and on the alignments depicted in
   Exhibits 1, and 3–6 to the Condemnation Complaint (Doc. Nos. 1-2, 1-4, 1-5, 1-6, and
   1-7) as incorporated below.

2. WBI Energy agreed not to condemn the temporary access road easement crossing the
   lands depicted in Exhibit 2 to the Condemnation Complaint (Doc. 1-3) and identified
   in the caption as:

   > 227.8 rods, more or less, located in
   > <u>Township 149 North, Range 98 W</u>
   > Section 11: N1/2SW1/4, W1/2SE1/4

   (the "Access Road Easement").  Accordingly, WBI Energy's claim to condemn the
   Access Road Easement for construction access are dismissed as moot pursuant to
   Federal Rule of Civil Procedure 41(a)(1)(A)(ii), without compensation and without
   costs or fees to any party, as ordered in the Court's Order dated May 7, 2018 (Doc. No.
   19).

3. Defendants' claims for just compensation as to the condemned pipeline easements are
   dismissed with prejudice, the amount of compensation having been resolved in a
   confidential settlement among the parties.  Defendants have reserved their right to file

a motion seeking recovery of attorney's fees and expenses, and Plaintiff has reserved

its right to contest any such motion. Defendants' right to attorney's fees and expenses,

if any, shall be the same as if the parties had proceeded to judgment on the amount of

just compensation.

4.  This Judgment shall be filed with the Recorder for McKenzie County, North Dakota.

5.  The specific terms of the condemned easements are as follows:

## PIPELINE EASEMENT TERMS

This Easement is made and entered into effective May 7, 2018, between WBI Energy Transmission, Inc., a Delaware corporation, 1250 West Century Avenue, Bismarck, North Dakota 58503, its successors and assigns ("Grantee"), and the following named persons, herein, whether singular or plural, hereinafter ("Grantor") namely:

Defendants in this action, Civil No: 1:18-cv-00078-DLH-CRH.

WITNESSETH, that for valuable considerations received, Grantor does hereby grant unto Grantee, its successors and assigns, an easement fifty (50) feet in width, being twenty-five (25) feet left, and twenty-five ( 25) feet right of the center line as surveyed or as finally installed on the hereinafter described lands, together with the right to construct, operate, maintain, repair, increase the capacity of, remove, replace, and upon termination either abandon in place or remove, one natural gas pipeline not to exceed twenty-four (24) inches in diameter and any necessary equipment and facilities appurtenant to said pipeline, including marker posts which shall not be located in cultivated fields, through, over, under and across the following described real estate, situated in the County of McKenzie, State of North Dakota namely:

The lands described in the caption for this action, Civil No: 1:18-cv-00078-DLH-CRH,

As more particularly shown on Exhibits 1 and 3–6 to the Condemnation Complaint (Doc. Nos. 1-2, 1-4, 1-5, 1-6, and 1-7) incorporated and made part hereof (the "Pipeline Easement").

Grantee shall have the right to temporarily utilize an additional fifty (50) feet of land outside the Pipeline Easement when constructing the pipeline. Grantee shall also be entitled to use such additional work space as may be reasonable and necessary at road crossings or other areas in which unusual construction problems may occur that require additional temporary work space.

Grantee shall have all the rights and benefits reasonably necessary for Grantee's exercise of the rights granted herein, including, but not limited to, the right of ingress and egress over and

across the Pipeline Easement for the purpose of laying, constructing, maintaining, operating, repairing, replacing or removing the pipeline and for the purpose of doing all necessary work in connection therewith. Grantee shall also have the right to clear obstructions that, in Grantee's reasonable judgment, may injure, endanger, or interfere with the Pipeline Easement.

Grantor, its successors and assigns, agree not to build, create or construct or permit to be built, created, or constructed any obstruction, building, improvement, concrete, asphalt or any other structure or facility upon, over, or under the Pipeline Easement without the prior written consent of Grantee, such consent to be given or withheld by Grantee in Grantee's sole reasonable discretion. Notwithstanding the foregoing sentence, Grantor may convey other easements which permit the construction of certain improvements including pipelines and other utility lines, in, over, through, or across the Pipeline Easement that do not endanger or interfere with Grantee's pipeline or Grantee's rights hereunder.

Grantee agrees to pay Grantor for any damage to crops, fences, buildings and improvements that are caused by the constructing, maintaining, repairing, operating, replacing or removing Grantee's pipeline, including payment for any cost set forth by the USDA office, if any, when crossing lands currently under CRP contract. The damages, if not mutually agreed upon, may be determined by three (3) disinterested persons, one (1) to be selected by Grantee and one (1) by Grantor; these two (2) shall select a third person. The award of these three (3) persons shall be final and conclusive.

Grantee agrees to install the pipeline in compliance with all applicable federal, state, and local statutes, laws, rules, regulations, and ordinances.

Grantee agrees to segregate up to twelve (12) inches of topsoil and replace the subsoil in the bottom of the trench first during backfill operations. Grantee shall bury the pipeline a minimum of forty-eight (48) inches below the surface in cultivated land.

Grantee agrees to restore the surface reasonably close to its original contour and to seed all non-cultivated areas disturbed by Grantee. In the event backfill subsequently settles below the level of adjacent land, Grantee agrees to restore the Pipeline Easement to the level of the adjacent land at Grantee's expense. All rock larger than four (4) inch which is excavated from the pipeline trench and which cannot be placed back into the pipeline trench shall be removed and disposed of in an approved location(s).

In the event Grantee ceases to use the Pipeline Easement for the purpose stated herein for a period of five (5) consecutive years, Grantee shall, within a reasonable period of time, release the Pipeline Easement or file for abandonment with the appropriate regulatory body, as applicable. Grantee shall, within twelve (12) months from the release of the Pipeline Easement or receipt of regulatory abandonment approval, as applicable, either remove or abandon the pipeline in-place. Grantor shall also have the right to request, during the twelve (12) month period, that Grantee turn over full ownership of the pipeline to Grantor in which case Grantee shall have no further interest or liability therein.

Grantee agrees to defend, indemnify and hold harmless Grantor, its successors and assigns from and against all liability arising from claims, suits, actions, costs (including reimbursement for reasonable attorney's fees and costs of investigation), expenses, damages, losses, fines, interest, penalties, assessments, judgments, demands, causes of action and litigation/arbitration of any kind or character (individually, a "Claim" and collectively, "Claims") arising out of or are in any way connected with Grantee's (including Grantee's employees, agents, contractors, invitees, and others designated by Grantee) work on, about, or attendant to, the Pipeline Easement that may be imposed on, incurred by or asserted by a third party against Grantor.  Grantee shall have the sole authority to direct the defense or settle any Claim indemnified by Grantee; provided, that Grantor may monitor such matters through counsel of Grantor's choice and at Grantor's own cost; and provided, further, that Grantee may not settle any indemnified Claim unless such settlement includes a release of, and the consent of (not to be unreasonably withheld) Grantor.

With respect to Claims of negligence, (i) Grantee shall be responsible for that portion of any Claim represented by the percentage of Grantee's comparative negligence and those for which it is responsible, and (ii) if Grantor is determined to have been negligent, Grantee and Grantor shall be responsible solely for the amount represented by the percentage of their respective comparative negligence; provided, however, the foregoing shall not be deemed to relieve Grantee of Grantee's obligation to defend Grantor in any such Claim.  Grantee agrees to pay all legal fees and associated fees arising from, in connection with or incident to the Claim, provided, however, that in the event there is a determination of comparative fault Grantor shall reimburse Grantee for the reasonable legal fees and associated fees in proportion to Grantor's allocated percentage of fault.  No settlement of any such Claim against Grantor shall be made unless consented to in writing in advance by Grantor, which consent shall not be unreasonably withheld.

Grantee is hereby expressly granted the right to assign this Easement, or any part thereof, or interest therein.

This Easement may be executed in one or more counterparts each of which will be deemed an original, but all of which together shall constitute one and the same instrument.

If the Easement is located in the State of North Dakota, then it shall be limited to a term of 99 years.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2021

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court