IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| WBI Energy Transmission, Inc., ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING ATTORNEY'S** |
| ) | **FEES AND EXPENSES** |
| vs. ) | |
| ) | |
| Easement and Right-of-Way Across, ) | |
| ) | |
| 189.9 rods, more or less, located in ) | Case No. 1:18-cv-078 |
| Township 149 North, Range 98 W ) | |
| Section 11: W1/2SE1/4 ) | |
| Section 14: NW1/4NE1/4, ) | |
| ) | |
| 227.8 rods, more or less, located in ) | |
| Township 140 North, Range 98 W ) | |
| Section 11: N1/2SW1/4, W1/2SE1/4, ) | |
| ) | |
| 242.0 rods, more or less, located in ) | |
| Township 149 North, Range 98 W ) | |
| Section 2: SW1/4SE1/4 ) | |
| Section11: NE1/4, ) | |
| ) | |
| 335.3 rods, more or less, located in ) | |
| Township 150 North, Range 98 W ) | |
| Section 35: W1/2E1/2, ) | |
| ) | |
| 223.8 rods, more or less, located in ) | |
| Township 149 North, Range 98 W ) | |
| Section 28: S1/2N1/2, ) | |
| ) | |
| 83.6 rods, more or less, located in ) | |
| Township 149 North, Range 98 W ) | |
| Section 14: NW1/4, ) | |
| ) | |
| McKenzie County, North Dakota, ) | |
| ) | |
| David L. Hoffmann; Denae M. Hoffmann; ) | |
| Leonard W. Hoffmann and Margaret A. ) | |
| Hoffmann, Trustees of the Hoffmann ) | |
| Living Trust dated March 8, 2002; Rocky ) | |
| & Jonilla Farms, LLP; Randall D. ) | |
| Stevenson; and all other unknown owners ) | |
| of the above lands, ) | |
| ) | |
| Defendants. ) | |

1

I.   **BACKGROUND**

The Plaintiff, WBI Energy Transmission, Inc. ("WBI Energy"), is a full-service interstate natural gas transmission, gathering, and storage company operating under the jurisdiction of the Federal Energy Regulatory Commission ("FERC"). WBI Energy is also a holder of a certificate of public convenience and necessity authorizing WBI Energy to acquire and operate the interstate pipeline facilities previously owned and operated by Montana-Dakota Utilities, Co. ("MDU"). See Doc. No. 1, ¶ 7. As a holder of a certificate of public convenience and necessity, WBI Energy may acquire the necessary rights-of-way to construct, operate and maintain a pipeline for the transportation of natural gas "by the exercise of the right of eminent domain" when such easement cannot be acquired by contract. 15 U.S.C. § 717f(h).

WBI Energy brought a condemnation action pursuant to Federal Rule of Civil Procedure 71.1 and the Natural Gas Act. See Doc. No. 1, ¶ 2. WBI Energy sought to "condemn permanent easements and temporary rights-of-way including workspace and access roads" across the Defendants' properties in McKenzie County, North Dakota ("Subject Easements"). Id.; see Doc. Nos. 1-2, 1-3, 1-4, 1-5, and 1-6. The purpose of the permanent easement was to construct, operate, and maintain approximately twelve (12) miles of 24-inch diameter pipeline from WBI Energy's existing Spring Creek Meter Station to the existing Cherry Creek Valve Setting. See Doc. No. 1, ¶ 2.

On May 7, 2018, the Court adopted a stipulation jointly filed by parties and ordered that WBI Energy shall have immediate use and possession of the Subject Easements for the purpose of constructing a natural gas pipeline transportation system.[1] See Doc. No. 19, p. 3. Accordingly,

---

[1] Pursuant to the parties' stipulation, the Court also dismissed WBI Energy's claim to condemn the temporary access road easement crossing the lands of Defendants David L. Hoffmann and Denae M. Hoffmann as depicted in Docket No. 1-3.

the only issue that remained for trial was the amount of compensation owed to the Defendants by WBI Energy for the Subject Easements.

The Court convened a bench trial on April 26, 2021. See Doc. No. 109. During the bench trial, the parties reached a settlement agreement. The Court later entered a condemnation judgment on July 13, 2021. See Doc. No. 115. Nonetheless, the Defendants reserved their right to file a motion to seek the recovery of attorney's fees and expenses, and WBI reserved the right to contest the motion. The parties stipulated that "[d]efendants' right to attorney's fees and expenses, if any, shall be the same as if the parties had proceeded to judgment on the amount of just compensation." See Doc. No. 114, p. 2.

Following the bench trial, the Defendants moved this Court for an award of attorney's fees. See Doc. No. 118. The Court granted the motion. See Doc. No. 131. Subsequent briefing commenced to aid the Court in determining the reasonable amount of attorney's fees and related expenses to be awarded.

## II.  LEGAL DISCUSSION

The Defendants seek to recover attorney's fees and expenses in the amount of **$383,375.76**. WBI contends the request is unreasonable and claim the Defendants should only be permitted to recover attorney's fees and expenses in the amount of **$220,625.52**. The Defendants filed a brief in support of their request on December 6, 2022. See Doc. No. 133. In addition, the Defendants supplemented their brief with an affidavit of attorney Derrick Braaten, along with exhibits including a verified statement of costs and fees and invoices of the attorneys who worked on the case. See Doc. No. 134. WBI filed a brief in opposition to the request on January 4, 2023. See Doc. No. 137. Defendants filed a reply on January 23, 2023. See Doc. No. 141.

It is well-established that determining the amount of reasonable attorney's fees to award a prevailing plaintiff is within the sound discretion of the trial court. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The starting point for a determination of reasonable attorney's fees is a calculation of the "lodestar figure" which is the product of the number of hours reasonably expended times a reasonable hourly rate. Burlington v. Dague, 505 U.S. 557, 559 (1992); Blanchard v. Bergeron, 489 U.S. 87, 94 (1989).

In *Hensley*, the United States Supreme Court defined the role of the lodestar methodology: The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . . "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Hensley, 461 U.S. at 433-34 (internal citations omitted) (emphasis in original).

In *Hensley*, the United States Supreme Court explained that a trial court may consider the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), to adjust the lodestar amount. Id. at 434 n.9. The twelve *Johnson* factors include the following: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the

4

skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Hensley, 461 U.S. at 430 n.3.  Trial courts have been instructed to utilize their own knowledge relating to various aspects of the lodestar.  "The trial judge should weigh the hours claimed against his knowledge, experience and expertise of the time required to complete similar activities."  Gilbert v. City of Little Rock, 867 F.2d 1063, 1066 (8th Cir. 1989).

As a general rule, a reasonable hourly rate is the prevailing market rate, that is, "the ordinary rate for similar work in the community where the case has been litigated."  Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001).  The party seeking an award of attorney's fees bears the burden of producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  The district court is in the best position to understand what services are reasonable and what hourly rates are appropriate in the relevant market.  Al-Birekdar v. Chrysler Group, LLC, 499 F. App'x 641, 648 (8th Cir. 2013) (holding the district court did not abuse its discretion in reducing the requested hourly rates).

The lodestar originally being sought by the Defendants is the amount of $329,383.90, which is based upon a total of 1,295.4 hours, billed at hourly rates ranging from $115 to $350. The Defendants new request is the amount of $332,724.90 to include $3,341.00 for the reply brief filed. The billing summaries evidencing the time spent by each attorney, the general subject matter of

the time expenditures, and the hourly rates being claimed by the Braaten law firm are attached to the declaration of Derrick Braaten (See Doc No. 134-5) and the hourly rates being claimed by the Tarlow, Stonecipher, Weamer, and Kelly law firm are attached to the declaration of Derrick Braaten (See Doc. No. 134-6).

Reasonable hourly rates to be used in the lodestar calculation are "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." Blum v. Stenson, 465 U.S. 886, 895 (1984). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." See Norman v. Housing Authority of Montgomery, Ala., 836 F.2d 1292, 1299 (11th Cir. 1988). The relevant legal community to determine the prevailing market rate is generally the place where the case is filed. Id.

Based on the Court's 40+ years of experience in North Dakota as an attorney in private practice and as a federal judge, hourly rates for associates in the $200-$300 range and hourly rates for partners in the range of $300-$425 are not unusual or unreasonable. The Court finds the hourly rates charged and total number of hours expended were reasonable.

The Plaintiffs also seek $50,650.86 in litigation expenses, as detailed in the verified statement of costs and fees. See Doc. No. 134-1. These expenses include payments for court fees, travel expenses, legal research, and expert witness fees. The Court recognizes that reasonable expenses must be incurred in condemnation litigation and does not find the expenses incurred to be excessive.

In sum, the total amount sought for the Plaintiffs' attorney's fees and litigation expenses is **$383,375.76**. This sum represents $332,724.90 in attorneys' fees and $50,650.86 in litigation

expenses. In the broad exercise of its discretion, and based on the undersigned's experience in handling civil litigation over the past 40+ years as an attorney and federal judge, the Court finds that the total attorney's fees and costs incurred for services rendered in connection with this condemnation action are reasonable.

### III. CONCLUSION

In the broad exercise of its discretion, the Court finds that the total attorney's fees for legal services rendered to be **$332,724.90**. The Court finds that the total for costs and expenses (including expert fees) to be **$50,650.86**. The result is a total judgment of **$383,375.76**, to be taxed by the Clerk against WBI.

**IT IS SO ORDERED**.

Dated this 5th day of March, 2024.

>                              */s/ Daniel L. Hovland*
>                              Daniel L. Hovland, District Judge
>                              United States District Court